THE STATE, EX REL. BING, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Bing, *v.* Indus. Comm. (1990), 55 Ohio St. 3d 111.]

(No. 90-216—Submitted September 18, 1990—Decided December 5, 1990.)
(Rehearing granted January 23, 1991.)

112

*Colasurd & Colasurd* and *Michael D. Colasurd,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Scott A. Armour,* for appellee.

*Per Curiam.* An employee may receive temporary total disability compensation for an allowed injury until: (1) the employee has returned to work, (2) the employee's treating physician states that the employee is capable of returning to his former position, or (3) the temporary disability has become permanent. *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. Thus, Bing could no longer receive temporary total compensation for this disability once the commission found that it had become permanent.

Bing agrees with this statement of the law. She claims, however, that the evidence in the proceeding determining permanency really supported a finding that she was capable of returning to her job, not that her condition had become permanent and, consequently, that the original order was in error. She contends that she did not appeal the finding of permanency because to do so would have been a vain act. She agreed that she would not receive temporary total compensation under either finding, so she did not challenge the order. Nonetheless, under her reasoning, she would not receive temporary total compensation for when she returned to her job but could receive such compensation if she were subsequently unable to work due to the allowed condition. Thus, an appeal of the finding of permanency would not have been a vain act had the commission ruled in her favor. Further, had the commission instead upheld this finding on appeal, and had Bing then filed a complaint in mandamus, the reviewing court should have affirmed the DHO finding. Dr. Reynolds' report, which indicated that her condition had become permanent, provided some evidence to support the DHO's finding. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936.

Moreover, the more recent evidence Bing submitted establishes that her condition actually worsened. According to Dr. Levert, Bing continues

to experience back and leg pain, and the pain has spread to her right leg. He describes intermittent intensifications of her historical lumbrosacral disc disease. Her condition, thus, remains permanent.

Next, Bing argues that the commission did not specify the evidence relied on in the latest series of decisions on her reactivation application. She contends that we should issue a limited writ directing the commission to specify this evidence.

The commission must state specifically the evidence relied on in reaching its conclusion. *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721. In *State, ex rel. DeMint,* v. *Indus. Comm.* (1990), 49 Ohio St. 3d 19, 550 N.E. 2d 174, we approved an order which recited the evidence relied upon in the procedural history of the case. In that case, the regional board adopted the reasoning of the DHO and, as we held, the regional board did not need to restate the evidence. The same holds true here.

The first-mentioned DHO, in this case, specified the evidence relied on. The DHO on the reactivation application relied on that earlier finding. We can review the procedural history and readily discern the evidence on which the commission decided that Bing's condition had become permanent.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.

DOUGLAS, J., dissents.