THE STATE, EX REL. BING, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Bing, v. Indus.
Comm.* (1991), 61 Ohio St.3d 424.]

(No. 90–216—Submitted May 21, 1991—Decided August 14, 1991.)

*Colasurd & Colasurd* and *Michael D. Colasurd,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Scott A. Armour,* for appellee.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging reversal for *amici curiae,* Ohio AFL–CIO, United Auto Workers, and Ohio Academy of Trial Lawyers.

*Cloppert, Portman, Sauter, Latanick & Foley, Frederick G. Cloppert, Jr., Frederic A. Portman* and *Charles J. Smith,* urging reversal for *amici curiae,* Fraternal Order of Police of Ohio, Inc. and Fraternal Order of Police Capital City Lodge No. 9.

---

HERBERT R. BROWN, J. For the reasons which follow, we vacate our earlier opinion in this case, *State, ex rel. Bing, v. Indus. Comm.* (1990), 55 Ohio St.3d 111, 564 N.E.2d 79, and grant a limited writ returning this matter to the commission for further proceedings consistent with this opinion.

### I

In our original opinion in this case, we stated that " * * * Bing could no longer receive temporary total [disability] compensation for this disability once the commission found that it had become permanent." *Id.* at 112, 564 N.E.2d at 80. As both parties and the *amici* have pointed out, this is not an accurate statement of law.

R.C. 4123.52 states in pertinent part:

" * * * The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

In enacting this statute, the General Assembly recognized that an employee, because of an injury or series of injuries suffered in the course of employment, may find herself, more than once in her lifetime, temporarily unable to work. Under R.C. 4123.52, the commission is vested with continuing jurisdiction to revisit a case and make later awards of temporary total disability compensation where circumstances warrant. The statute thereby ensures that all temporarily disabled workers will be provided for.[1]

Accordingly, we vacate our earlier opinion and hold that even where temporary total disability compensation payments have been previously terminated, R.C. 4123.52 grants the Industrial Commission continuing jurisdiction to award temporary total disability compensation where the claimant has again become temporarily totally disabled. Applying this rule to the instant case, it is clear that the Industrial Commission erred in affirming the DHO's order denying Bing further temporary total disability compensation on the ground that her previous award of temporary total compensation had been terminated.

## II

The commission argues that, notwithstanding R.C. 4123.56(A), Bing is not entitled to further temporary total disability compensation because her hospitalization in 1987 resulted from a merely temporary "flare-up" of her "permanent" back condition, and not from any change in the overall severity of her injury.[2] It is the commission's view that once a claimant has reached "maximum medical improvement" as defined by Ohio Adm.Code 4121-3-

---

1. An amendment to R.C. 4123.56(A), effective August 22, 1986, made explicit what was already implicit in R.C. 4123.52. The amended statute provides that "[t]he termination of temporary total disability, whether by order or otherwise, does not preclude the commencement of temporary total disability at another point in time if the employee again becomes temporarily totally disabled." This version of R.C. 4123.56(A) is not applicable to the instant case because Bing's original claim for temporary total disability compensation arose in 1978, before the effective date of the amendment.

2. In *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, we held that the payment of temporary total disability compensation terminates when (1) the employee returns to work, (2) a treating physician certifies that the employee is capable of returning to work, or (3) the condition becomes permanent. The instant case is somewhat confused by the language used in the DHO's 1984 opinion. Though the evidence indicated that Bing was able to return to work, the stated reason for terminating temporary total disability compensation was that her condition was "permanent," and not because she was capable of returning to work. While Bing's injury may be permanent in the sense that she will continue to have back troubles in the future, it is not "permanent" in the *Ramirez* sense because that case refers to permanent disabilities, not a permanent but non-disabling condition. See *Ramirez, supra,* at 634, 23 O.O.3d at 520–521, 433 N.E.2d at 589.

32(A)(1),[3] the claimant is precluded from further temporary total disability compensation for the same injury unless she can prove that she is no longer at the point of "maximum medical improvement."

We do not agree. Neither R.C. 4123.56(A) nor Ohio Adm.Code 4121–3–32 expressly conditions a claimant's eligibility for later temporary total disability compensation on a finding that the claimant is no longer at the point of "maximum medical improvement." Given that the General Assembly has mandated that the workers' compensation statutes " * * * shall be liberally construed in favor of employees and the dependents of deceased employees[,]" R.C. 4123.95, we are unwilling to read language into R.C. 4123.56(A) which makes it harder for claimants to qualify. A claimant who is temporarily totally disabled by a "flare-up" of an existing injury is no less unable to work—or less deserving of temporary total compensation—than a claimant who is temporarily totally disabled by a worsening of an existing injury. Accordingly, we reject the Industrial Commission's argument.

### III

In the instant case, the DHO's denial of temporary total disability compensation was based on an error of law—the belief that either the doctrine of *res judicata* or the prior finding of permanency absolutely barred further temporary total compensation. The commission should have reviewed Bing's application on the merits. Accordingly, we issue a limited writ directing the Industrial Commission to hear evidence and make a determination on the issue of whether appellant was temporarily totally disabled at any time after August 19, 1987.

*Limited writ allowed.*

SWEENEY, DOUGLAS and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., concur in part and dissent in part.

MOYER, C.J., concurring in part and dissenting in part. Although I agree with the syllabus law pronounced by the majority, for the reasons that follow I must respectfully dissent from Part II of the majority opinion.

In its March 1984 order, the Industrial Commission (the "commission") found that Bing's temporary disability had become permanent. Bing did not

---

3. Ohio Adm.Code 4121–3–32(A)(1) states:

"'Maximum medical improvement' is a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function."

appeal this order of the commission; thus, it became a final and binding order upon both parties. Since the commission found that Bing was permanently disabled, she was precluded from continuing to receive temporary total disability benefits. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. However, as the majority correctly notes, Bing once again may receive temporary total benefits if she establishes that she again has become temporarily totally disabled.

We have essentially adopted a "maximum medical improvement" test to determine the permanency of a claimant's disability; that is, whether the claimant has recuperated from an injury to such an extent that the medical condition of the claimant cannot be reasonably anticipated to improve in the future. See, generally, *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125.

At issue is what standard to use when determining whether temporary total benefits should be resumed after the commission has made a determination that the claimant has become permanently disabled and reached maximum medical improvement. The majority attempts to ignore the commission's finding, but the fact remains that a commission order is in effect holding that Bing is permanently disabled and that she had reached her maximum medical improvement. Because the commission determined that she was no longer temporarily totally disabled but that her condition was, in fact, permanent, her temporary total disability benefits were terminated. She is not currently temporarily and totally disabled. Thus, by definition, in order to once again receive temporary total benefits, Bing must show that her condition has improved so that she is no longer permanently disabled. She then must show that her improved condition worsened to the point where she again became temporarily totally disabled.

The medical evidence submitted by Bing does not show that she reached a level of recovery sufficient to negate the commission's finding that she was permanently disabled. Bing's evidence shows that she received medical treatments in order to ease the pain of her permanently disabling condition. The "flare-ups" from which Bing suffered were a temporary worsening of her permanent medical condition. After the "flare-ups," Bing returned to her state of being permanently disabled. Since Bing has been adjudged as permanently disabled and that is her current status, the majority's statement that "[a] claimant who is temporarily totally disabled by a 'flare-up' of an existing injury is no less unable to work * * * than a claimant who is temporarily totally disabled by a worsening of an existing injury" has no applicability to this case.

Additionally, Ohio Adm.Code 4121–3–32(A)(1) defines "maximum medical improvement" as: "a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function." This definition recognizes that a claimant such as Bing may receive medical treatment and still be at "maximum medical improvement." Periodic flare-ups may occur for which a claimant must receive medical attention; however, this does not affect the basic finding of permanency of the disabling condition.

Although a finding by the commission that a claimant has become permanently disabled and reached "maximum medical improvement" does not preclude the claimant whose temporary total disability payments had been terminated from once again receiving those benefits, their receipt should be conditioned upon a showing that the claimant's condition has improved so that it is no longer permanent and that the claimant then has suffered from a worsening of that improved condition.

HOLMES and WRIGHT, JJ., concur in the foregoing opinion.