OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative Assistant.
Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this
pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page
numbers where the opinions will be found in the bound volumes of
the Ohio Official Reports.

The State, ex rel. Basye, Appellee, v. Industrial Commission of Ohio et al., Appellants.

[Cite as State, ex rel. Basye, v. Indus. Comm. (1992),    Ohio St.3d    .]

Workers' compensation -- Commission denial of temporary total disability compensation not supported by "some evidence," when.

(No. 91-149 -- Submitted April 7, 1992 -- Decided June 17, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-94.

Claimant-appellee, Wilbur W. Bayse, injured his back in 1984 while in the course of and arising from his employment with Truck Center of Columbus, Inc.  He received temporary total disability compensation until it was terminated in 1987 because the allowed back conditions had become permanent.

In October 1988, appellee's claim was additionally allowed for a psychiatric condition.  One month later, claimant alleged that the psychiatric condition had temporarily and totally disabled him and sought renewed temporary total disability compensation.  A commission district hearing officer on January 11, 1989 denied the request, finding:

"* * * [T]emporary total compensation is denied on a basis of permanency.

"Further temporary total is not in order as the claimant's condition under his present treatment regime is permanent and from a physical standpoint alone precludes him from returning to his former position.

"The additional psychiatric condition was considered in making this finding.

"This order is based on the medical reports [sic] of: Dr. Llewelyn."

A regional board of review affirmed the district hearing officer's order in its entirety, with additional reliance on the reports of Drs. Cunningham and Brown.  The commission refused further appeal.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion by denying temporary total disability compensation.  The appellate court vacated the commission's order because: (1) none of the cited medical reports addressed the permanency of claimant's psychiatric condition, and (2) the commission appeared to use improper criteria to evaluate permanency.  The cause was returned to the commission for further consideration and an amended order.

This cause is now before this court upon an appeal as of right.

John E. Huntley and Jeffrey L. Huntley, for appellee.

Lee I. Fisher, Attorney General, Jetta Mencer and Dennis L. Hufstader, for appellants Industrial Commission and Administrator, Bureau of Workers' Compensation.

Per Curiam.  A claimant whose disability has become permanent may not receive temporary total disability compensation.  State, ex rel. Ramirez, v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586.  Until recently, permanency was perceived to

be an absolute bar to receipt of further temporary total disability compensation. In State, ex rel. Bing, v. Indus. Comm. (1991), 61 Ohio St.3d 424, 575 N.E.2d 177, however, we re-examined "permanency" within the context of the commission's R.C. 4123.52 continuing jurisdiction and concluded that, in some situations, temporary total disability compensation could be reinstated despite a prior permanency finding.

In this case, the commission initially terminated temporary total disability compensation after finding that claimant's allowed conditions had become permanent. At that time, however, only physical conditions had been allowed in the claim. The commission's subsequent allowance of a psychiatric condition prompted a renewed request for temporary total disability compensation. Despite this additional allowance, however, the commission denied temporary total disability compensation, again basing its decision on permanency. We must determine whether the commission's decision is supported by "some evidence." State, ex rel

. Burley, v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus.  For the reasons that follow, we find that it is not.

For permanency to be a basis for the denial of temporary total disability compensation, the permanent condition must be one that has been alleged as contributing to the disability.  The reports of Drs. Llewelyn, Brown and Cunningham -- all dealing exclusively with claimant's physical condition -- are not, therefore, "some evidence" supporting the commission's order. The contents of these reports also indicate that despite the commission's bare allegation to the contrary, claimant's psychiatric condition was not truly considered.

The commission's reliance on State, ex rel. Rouch, v. Eagle Tool & Machine Co. (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464, is misplaced since Rouch is distinguishable from the case at bar. Unlike the claimant in Rouch, the present claimant does not allege that the combined effects of his allowed physical and mental conditions have temporarily and totally disabled him.  He has alleged that his psychiatric condition alone is temporarily and totally disabling.  Rouch is, therefore, not controlling.

We share the appellate court's concern over the permanency standard used by the commission, since the district hearing officer's 1989 order suggested that she evaluated permanency in terms of claimant's inability to work.  However, as we have previously stated:

"* * * [Permanency] relates solely to the perceived longevity of the condition at issue.  It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment. * * *  [Permanency is] * * * a condition which will, * * * 'with reasonable probability, continue for an indefinite period of time without present indication of recovery therefrom.'"  Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St.3d 31, 33, 25 OBR 26, 27, 494 N.E.2d 1125, 1127.

The appellate court's decision to vacate and to return the cause to the commission for reconsideration of the permanency issue was thus proper.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, H. Brown and Resnick, JJ., concur.

Wright, J., concurs in judgment only.