THE STATE, EX REL. BASYE, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State, ex rel. Basye, v. Indus.
Comm.* (1992), 64 Ohio St.3d 68.]

(No. 91–149—Submitted April 7, 1992—Decided June 17, 1992.)

*John E. Huntley* and *Jeffrey L. Huntley,* for appellee.

*Lee I. Fisher,* Attorney General, *Jetta Mencer* and *Dennis L. Hufstader,* for appellants Industrial Commission and Administrator, Bureau of Workers' Compensation.

*Per Curiam.* A claimant whose disability has become permanent may not receive temporary total disability compensation. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. Until recently, permanency was perceived to be an absolute bar to receipt of further temporary total disability compensation. In *State, ex rel. Bing, v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177, however, we re-examined "permanency" within the context of the commission's R.C. 4123.52 continuing jurisdiction and concluded that, in some situations, temporary total disability compensation could be reinstated despite a prior permanency finding.

In this case, the commission initially terminated temporary total disability compensation after finding that claimant's allowed conditions had become permanent. At that time, however, only physical conditions had been allowed in the claim. The commission's subsequent allowance of a psychiatric condition prompted a renewed request for temporary total disability compensation. Despite this additional allowance, however, the commission denied temporary total disability compensation, again basing its decision on permanency. We must determine whether the commission's decision is supported by "some evidence." *State, ex rel. Burley, v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. For the reasons that follow, we find that it is not.

For permanency to be a basis for the denial of temporary total disability compensation, the permanent condition must be one that has been alleged as contributing to the disability. The reports of Drs. Llewelyn, Brown and Cunningham—all dealing exclusively with claimant's physical condition—are not, therefore, "some evidence" supporting the commission's order. The contents of these reports also indicate that despite the commission's bare allegation to the contrary, claimant's psychiatric condition was not truly considered.

The commission's reliance on *State, ex rel. Rouch, v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464, is misplaced since *Rouch* is distinguishable from the case at bar. Unlike the claimant in *Rouch*, the present claimant does not allege that the combined effects of his allowed physical and mental conditions have temporarily and totally disabled him. He has alleged that his psychiatric condition *alone* is temporarily and totally disabling. *Rouch* is, therefore, not controlling.

We share the appellate court's concern over the permanency standard used by the commission, since the district hearing officer's 1989 order suggested that she evaluated permanency in terms of claimant's inability to work. However, as we have previously stated:

" * * * [Permanency] relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment. * * * [Permanency is] * * * a condition which will, * * * 'with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.'" *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 33, 25 OBR 26, 27, 494 N.E.2d 1125, 1127.

The appellate court's decision to vacate and to return the cause to the commission for reconsideration of the permanency issue was thus proper.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.