DECISION
{¶ 1} Americare Corporation ("Americare") has filed this action in mandamus seeking a writ which would compel the Industrial Commission of Ohio ("commission") to vacate its order granting a new period of temporary total disability ("TTD") compensation for Mary K. Logan.
 {¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recommendation that a limited writ of mandamus be granted. (Attached as Appendix A.)
 {¶ 3} Counsel for Mary K. Logan has filed objections to the magistrate's decision. Counsel for Americare has filed a memorandum in response. The case is now before the court for review.
 {¶ 4} On June 23, 1999, Ms. Logan suffered an injury. Her workers' compensation claim has been recognized thus far for "sprain lumbosacral" and "herniated nucleus pulposus L5-S1." She was awarded TTD compensation from June 27, 2000 through January 31, 2001.
 {¶ 5} Ms. Logan was found to have reached maximum medical improvement ("MMI") effective February 1, 2001, so her TTD compensation was terminated. The finding of MMI was based upon a report from Michael S. Lefkowitz, M.D., dated April 6, 2001. The hearing which granted TTD compensation was held on April 9, 2001.
 {¶ 6} Ms. Logan soon thereafter filed a notice of change of physicians with the Ohio Bureau of Workers' Compensation and began treatment with W. David Leak, M.D., in the fall of 2001.
 {¶ 7} Dr. Leak did not agree that Ms. Logan had reached MMI and reported that she was suffering from increased pain in her lower back. He sought authorization for additional treatment for Ms. Logan.
 {¶ 8} Brian F. Griffin, M.D., examined Ms. Logan on behalf of his firm Pain Control Consultants, Inc., and expressed disagreement with the MMI finding. He indicated that a functional capacity examination should occur before Ms. Logan returned to work.
 {¶ 9} David C. Randolph, M.D., examined Ms. Logan on behalf of Americare and expressed doubt about Ms. Logan's complaints regarding pain. Dr. Randolph also expressed misgivings about Dr. Griffin's treatment for Ms. Logan.
 {¶ 10} Dr. Griffin provided a report in which he disagreed with Dr. Randolph's opinions.
 {¶ 11} Ms. Logan's second application for TTD compensation and her request for authorization for treatment were heard on January 28, 2002 before a district hearing officer ("DHO"). The DHO, relying upon the report of Dr. Randolph, refused additional TTD compensation. The DHO also refused the requests for a functional capacity evaluation and trigger-point injections advocated by Dr. Griffin.
 {¶ 12} Counsel for Ms. Logan appealed. A staff hearing officer ("SHO") found that new and changed circumstances existed such that TTD compensation should resume and the requested treatment should be authorized. Americare's appeal to the commission was unsuccessful, resulting in the filing of this mandamus action.
 {¶ 13} The magistrate felt that the SHO had not adequately examined the new and changed circumstances necessary to be found for TTD compensation to resume. The SHO also indicates:
 {¶ 14} "The Staff Hearing Officer finds that there are new and changed circumstances sufficient to commence a new period of temporary total compensation from 08/20/2001 to 03/19/2002, and to continue upon submission of medical evidence. This temporary total compensation is based on the C-84's from Dr. Leak dated 9/28/2001, 10/12/2001 and 01/26/2002. The claimant credibly testified at hearing that she `knew that there was something still wrong' when she changed physicians and sought further treatment from Dr. Leak. Dr. Leak has requested authorization for a functional capacity evaluation and for 3 trigger point injections, and those are authorized as well. This finding is also supported by the reports of Dr. Griffin dated 09/20/2001 and 10/17/2001."
 {¶ 15} The three reports from Dr. Leak all indicated that Ms. Logan was complaining of increased pain in the area of her tailbone and in the lumbosacral area. The reports from Dr. Griffin also indicate increased discomfort. Under the circumstances, the SHO clearly found increased pain, or a "flare-up" in lay terms.
 {¶ 16} We see no basis for returning this case to the commission to have the SHO state that the new, changed circumstances listed in the five reports constitute a "flare-up" for purposes of State ex rel. Bingv. Indus. Comm. (1991), 61 Ohio St.3d 424, or that the increased pain reference in all five reports is the new and changed circumstances. As a result, we sustain the objections to the magistrate's report.
 {¶ 17} We adopt the findings of fact contained in the magistrate's report, but not the conclusions of law. Based upon our findings, we deny the request for a writ of mandamus.
 Objections sustained; writ denied.
BROWN, J., concurs.
DESHLER, J., dissents.