DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Judy Platounaris, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her application for temporary total disability compensation and to award relator temporary total disability compensation or, in the alternative, to remand the matter for further proceedings.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded the Industrial Commission did not abuse its discretion in denying relator a new period of temporary total disability compensation, "as relator's medical evidence did not show a flare up or exacerbation of her condition which would have warranted the payment of such compensation." (Magistrate's Decision, ¶ 26.) Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator has filed objections to the magistrate's conclusions of law, largely rearguing those matters adequately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, we overrule the objections.
 {¶ 4} Specifically, although relator contends the records and notes of relator's treating physician, Dr. Walters, support a period of temporary total disability compensation, the magistrate's decision sets forth the substance of those records and notes, and they, at best, indicate periods when relator's condition was slightly improved or slightly worsened. The commission was within its discretion in viewing the documents as failing to support the exacerbation or flare up needed for a new period of benefits, the previous period of temporary total benefits having been terminated when relator returned to work.
 {¶ 5} Relator also takes issue with the commission's reliance on the report of Dr. Blatnik, as well as its failure to rely on the reports of Dr. Masone and Ms. Wendall, a physical therapist. Nothing suggests the commission failed to consider the reports of Dr. Masone or Ms. Wendall, and to the extent relator suggests that we premise our determination on those reports, relator in effect is requesting that we reweigh the evidence, a function we cannot perform in mandamus proceedings.
 {¶ 6} Further, even if Dr. Blatnik used the incorrect standard in part of his report, he specifically stated that "objective findings do not reflect significant worsening," and that "[t]here does not appear to be any new or changed circumstances from an objective standpoint." (Dr. Blatnik report, 2.) Accordingly, Dr. Blatnik's report is some evidence supporting the commission's conclusion. The commission also relied upon the records and notes of Dr. Walters and concluded those documents fail to demonstrate an exacerbation or flare up of relator's condition. Accordingly, even apart from Dr. Blatnik's report, the commission's determination is supported by some evidence.
 {¶ 7} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
Petree and Klatt, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Judy Platounaris, :
 Relator, :
 v. : No. 04AP-1247
Industrial Commission of Ohio : (REGULAR CALENDAR)
and Ohio Dept. of Transportation, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on June 28, 2005 Kennedy Colasurd Co., L.P.A., and Michael D. Colasurd, for relator.
Jim Petro, Attorney General, and Andrew J. Alatis, for respondent Industrial Commission of Ohio.
Lee M. Smith Associates Co., L.P.A., and Benjamin W. Crider, for respondent Ohio Department of Transportation.
 IN MANDAMUS {¶ 8} Relator, Judy Platounaris, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for temporary total disability ("TTD") compensation, and ordering the commission to award relator TTD compensation or, in the alternative, to remand the matter for further proceedings.
Findings of Fact:
 {¶ 9} 1. Relator sustained a work-related injury on March 18, 2003, and her claim has been allowed for "sprain lumbosacral, sprain thoracic region; sprain shoulder/arm nos, right shoulder; sprain of knee leg nos, right; sprain of neck."
 {¶ 10} 2. Relator received TTD compensation from March 26 through May 16, 2003, at which time her treating physician, Dr. Todd B. Walters, released her to work without restrictions.
 {¶ 11} 3. It is undisputed that, during the next ten months while relator continued working, she also continued receiving ongoing treatment from Dr. Walters. Furthermore, Dr. Walters referred relator to pain management specialist Dr. Robert J. Masone.
 {¶ 12} 4. In March 2004, relator became disabled from a psychological condition which was unrelated to her industrial injury. Relator's treating physician, Dr. Richard Minter, certified her as being disabled and released her to return to work on July 26, 2004, without restrictions.
 {¶ 13} 5. On August 2, 2004, relator submitted a C-84 completed by Dr. Walters and dated July 30, 2004. Dr. Walters stated that relator was disabled as a result of her physical conditions as of July 30, 2004, with an estimated return-to-work date of September 6, 2004. Dr. Walters listed the allowed conditions from relator's claim and indicated that he did not believe that relator could return to her position due to the excessive driving.
 {¶ 14} 6. A claim review was conducted by Dr. Jay L. Blatnik on August 5, 2004. Dr. Blatnik opined that the medical documentation does not support relator's new period of compensation.
 {¶ 15} 7. Relator's application was heard before a district hearing officer ("DHO") on September 20, 2004 and was denied as follows:
It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Injured Worker on 08/02/2004 is denied.
Therefore, temporary total compensation is denied from 08/02/2004 through 09/05/2004. The [sic] returned to work without restrictions in May of 2003. Objective findings do not reflect significant worsening.
This order is based on the report of Dr. Blatnik [dated] 08/05/2004.
 {¶ 16} 8. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on November 2, 2004. The SHO affirmed the prior DHO order and denied relator's request for TTD compensation as follows:
It is the order of the Staff Hearing Officer that temporary total compensation is denied from 08/02/2004 to the date of this hearing. This decision is based on Dr. Blatnik's medical review of 08/05/2004. Dr. Blatnik opines the medical evidence does not support a new period of compensation. The Staff Hearing Officer notes that the injured worker returned to work in 10/2003 and work[ed] until 03/2004 when she ceased work for non-industrial reasons. A review of Dr. Walters['] office notes from 10/2003 to 08/2004 notes ongoing complaints and treatment, but do not document any exacerbation. Con-sequently, the Staff Hearing Officer finds Dr. Blatnik persuasive.
 {¶ 17} 9. Further appeal was refused by order of the commission mailed November 13, 2004.
 {¶ 18} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 20} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation is payable to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician has made a written statement that the claimant is able to return to his or her former position of employment; (3) when work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the temporary disability has become permanent.State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630; R.C.4123.56. Even where TTD compensation payments have been previously terminated, R.C. 4123.52 grants the commission continuing jurisdiction to award TTD compensation where the claimant has again become temporarily totally disabled. In State ex rel. Bing v. Indus. Comm. (1991),61 Ohio St.3d 424, the Supreme Court of Ohio noted that even a condition which has reached maximum medical improvement can "flare up" thereby rendering the claimant, once again, temporarily and totally disabled.
 {¶ 21} Relator contends that the commission abused its discretion by denying her application for TTD compensation because there is no evidence to support the denial. Relator contends that the only medical evidence in the record from examining physicians supported her application and that the report of Dr. Blatnik does not constitute some evidence upon which the commission could rely.
 {¶ 22} It is undisputed that claimants have the burden of proving entitlement to compensation. Where a claimant does not provide competent, credible medical evidence to support a period of compensation, the commission does not abuse its discretion by denying the application even if there is no contrary medical evidence. Again, the claimant must first meet the burden of presenting "some evidence" that she is entitled to compensation in the first instance.
 {¶ 23} In the present case, part of relator's argument seems to be that she is not required to show new and changed circumstances, pursuant to Bing, because her previous award of TTD compensation had not been terminated by an order of the commission. Instead, in the present case, relator's treating physician had released her to return to work without restrictions. During the next ten months, relator continued to work for the employer while, at the same time, continued to receive ongoing treatment. Relator contends that it is obvious from Dr. Walters' treatment notes that her condition did indeed deteriorate and eventually rendered her incapable of working.
 {¶ 24} Upon review of the medical documentation submitted by claimant, it is clear that she continued to receive ongoing treatment from Dr. Walters during the ten month period when she was working as well as during the four month period when she was off work for an unrelated psychological condition. However, review of those notes does not demonstrate an exacerbation of her condition which necessarily disabled her and entitled her to the payment of a new period of TTD compensation. In Dr. Walters' office notes dated October 13, 2003, he noted that relator indicated that she had no change in the degree of pain in her neck and that the pain in her upper and lower back was slightly improved. In Dr. Walters' office notes for November 3, 2003, relator again indicated that the pain in her neck area was unchanged and that the pain in her upper back was slightly improved and there was no change in the degree of pain in her lower back. In his November 18, 2003 notes, relator indicated she had frequent mild to moderate stiffness with aching and dull pain in her neck, that the pain in her upper back had not changed much lately and that she had a constant moderate aching and dull pain in her right lumbar region and feels increased severity and low back pain when she drives and lifts. In his December 6, 2003 office notes, Dr. Walters noted that relator stated she had some mild improvement in neck pain, and that the pain in her upper and lower back was moderately improved. In his January 15, 2004 office notes, Dr. Walters noted that relator indicated she had continuous improvement in the degree of her neck pain and that, although her back pain is increased today due to lots of driving, she continues to feel overall improvement in the degree of low back pain. In his January 29, 2004 office notes, Dr. Walters noted that relator had no change in the degree of pain in her neck and that her upper back pain had been feeling generally better. Relator indicated that her lower back pain had continued unabated. In his March 8, 2004 office notes, Dr. Walters noted that relator had less overall pain in her neck region, improvement in her shoulder pain, no change in her thoracic pain, and a mild increase of lower back pain. In his April 7, 2004 office notes, Dr. Walters noted that relator had no change in the degree of her neck pain, that her shoulder and upper back pain continues to be the same and that she had a modest degree of improvement in her lower back pain. In his April 15, 2004 office notes, Dr. Walters noted that relator indicated that her pain level is about the same. In his April 19, 2004 office notes, Dr. Walters noted that relator indicated a mild worsening of her neck pain, shoulder pain, and lower back pain while experiencing a definite improvement in her upper back pain. In his April 21, 2004 office notes, Dr. Walters indicated that relator had slight improvement in her neck area, shoulder area, upper back as well as her lower back. In his April 29, 2004 office notes, Dr. Walters noted that relator continues to have improvement in her neck pain, upper back pain and lower back pain. In his June 28, 2004 office notes, Dr. Walters noted that relator felt a flare up of pain in her neck and upper back which resulted in a slight increase in her pain over the last week. In his July 15, 2004 office notes, Dr. Walters noted that relator was feeling an improvement in her neck pain and shoulder pain, that there was no change in the severity of her upper back pain but that she had a flare up of pain in her lumbar area. In his July 23, 2004 office notes, Dr. Walters indicated that relator felt an increase of pain in her cervical and lumbar areas as well as her shoulder and upper back areas. In his July 30, 2004 office notes, Dr. Walters indicated that relator's pain in her neck area was unchanged, that her shoulder pain remained about the same, that her upper back pain is feeling slightly better and that she continued to feel an increase in pain in her lumbar area. In his August 5, 2004 office notes, Dr. Walters indicated that relator's pain since her recent exacerbation had been slightly better, that she experienced mild to moderate stiffness and occasional moderate sharp pain in her neck and upper thoracic areas, and that her low back pain had not shown much change.
 {¶ 25} Dr. Walters' office notes do not support relator's contention that her conditions had exacerbated and continue to deteriorate. A slight exacerbation was noted in June 2004 sometimes better and sometimes slightly worse. Instead, Dr. Walters' office notes continued to indicate that, while relator continued to have pain unabated, much of the pain was continuing to improve slightly over time. As the commission stated in its order, relator's medical evidence did not support a new period of TTD compensation.
 {¶ 26} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion denying her a new period of TTD compensation as relator's medical evidence did not show a flare up or exacerbation of her condition which would have warranted the payment of such compensation. As such, this magistrate concludes that this court should deny relator's request for a writ of mandamus.