Williams, J.
 

 The sole question presented is whether the claim of plaintiff for permanent and total dis
 
 *137
 
 ability for a period subsequent to September 15, 1938, is barred by the judgment in the prior case by which he was allowed $5 per week for a period of 666 weeks, extending from January 1, 1926, to September 15, 1938.
 

 The courts below, in holding that the claim of plaintiff was not barred, based their decisions on the fourth paragraph of the syllabus in
 
 Clendenen
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 414, 45 N. E. (2d), 108, which reads thus:
 

 “An appeal to the Court of Common Pleas by a claimant for workmen’s compensation under Section 1465-90, General Code, as it read in 1918 (107 Ohio Laws, 162), in which judgment was awarded the claimant for disabilities accruing up to the time thereof, is not a bar to further consideration by the Industrial Commission or by the Court of Common Pleas on a proper appeal for disabilities accruing from the original injury subsequent to the date of such judgment.”
 

 Section 1465-90, General Code, was amended in 1919 (108 Ohio Laws, 322) and in 1921 (109 Ohio Laws, 296). The latter amendment was in force at the time of plaintiff’s injury in 1922. Insofar as the instant case is concerned the applicable provisions are the same as in 1918. Therefore the
 
 Clendenen case
 
 is determinative of the rights of the parties, unless it can be distinguished. Counsel for defendant maintain that there is a distinction and, after quoting the fourth paragraph of the syllabus in their brief, continue with this statement:
 

 “It is our contention that the language emphasized in the above syllabus sets forth a factual element that was present in the
 
 Clendenen case
 
 which is not present in the case at bar, namely, the judgment awarded by the Court of Common Pleas in Cause No. 139190, was not alone for disabilities which accrued up to the time of the judgment, but it was a judgment which extend
 
 *138
 
 ed the plaintiff’s compensation for a substantial period in the future.”
 

 Such an award is subject to the provisions of Section 1465-86, General Code, in respect to the continuing jurisdiction of the commission and can be modified by the commission when such a course is warranted by the facts.
 
 Roma
 
 v.
 
 Industrial Commission, 97
 
 Ohio St., 247, 119 N. E., 461. As a consequence the defense of
 
 res judicata
 
 has only a limited application to compensation cases. But in the instant case there was no modification of the former judgment in a strict sense. It was paid in full as rendered. There was a modification in the sense that additional compensation was afterwards awarded to the plaintiff. The fact that the prior judgment covered a period that extended into the future does not of itself make such judgment
 
 res judicata
 
 as to a subsequent award of compensation for a later period. From the small weekly payments adjudged in the former action and the limited time fixed for their payment, it is apparent that the judgment did not cover permanent and total disability. Assuredly an adjudication, awarding compensation for disability, not permanent and total, for a period expiring at a certain time, whether before or after the rendition of the judgment, is not
 
 res judicata
 
 in a subsequent proceeding brought to obtain an award of compensation for permanent and total disability which existed after the expiration of that period. The
 
 Clendenen case
 
 governs.
 

 The claim of plaintiff is not barred by the former adjudication and therefore the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Hart, Zimmerman, Bell and Turner, JJ., concur.