OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Navistar International Transportation
Corporation, Appellant, v. Industrial Commission of Ohio,
Appellee, et al.
[Cite as State ex rel. Navistar Internatl. Transp. Corp. v.
Indus. Comm. (1993),      Ohio St.3d     .]
Workers' compensation -- Commission under R.C. 4123.52 is
     vested with continuing jurisdiction to revisit a case and
     make later awards of temporary total disability
     compensation where circumstances warrant.
     (No. 92-1151 -- Submitted March 9, 1993 -- Decided May 19,
1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-35.
     In August 1986, claimant, John H. Ferguson, injured his
low back while in the course of and arising from his employment
with appellant, Navistar International Transportation
Corporation.  For the next eight months, claimant received
uncontested temporary total disability compensation.  In
mid-1987, however, appellant - - alleging that claimant could
return to his former position of employment - - moved appellee,
Industrial Commission of Ohio, for an order terminating
temporary total disability compensation.
     On October 21, 1987, a commission district hearing
officer, based on the reports of Doctors John H. Vetter and
R.B.
Larrick, ordered:
     "Temporary total disability compensation is denied as of
10-21-87, and thereafter.
     "Claimant can return to his former work." (Emphasis sic.)
     On October 27, 1987, claimant returned to work.  By
afternoon, however, he reported to Dr. G. L. Fifer, plant
physician, complaining of low back pain.  Dr. Fifer noted that
claimant was "in obvious pain, with marked spasm in the right
side * * * [and] marked restriction of flexion."  Dr. Fifer
"relapsed [claimant] to disability" and sent him home.
     Claimant then appealed the district hearing officer's
order to the Dayton Regional Board of Review.  At claimant's
March 24, 1988 hearing, the board had before it the February

12, 1988 report of attending chiropractor, Dr. Robert L. Speelman, who wrote:

"After his [industrial] accident on 8-15-86, the claimant has'nt [sic] worked since, except for about an hour on 10-26-87 [sic]. When he tried to work he almost collasped [sic]. He went to the dispensery [sic] and was sent home. He has'nt [sic] returned to work since.

"It seems that his accident on 8-15-86 pushed him beyond the point of recovery. He has'nt [sic] been able to do anything since then.

"He has not been able to recover enough to go back to work in any capacity.

"The objective findings and subjuective [sic] complaints lead to a poor recovery.

"It is of my strongest opinion that he will not be able to return to work at Navistar."

The regional board of review affirmed the district hearing officer's order, prompting further appeal. That appeal was refused by a staff hearing officer of the commission and the board's order was thereby effectively affirmed.

During the pendency of the commission's refusal order, claimant moved the commission for reinstatement of temporary total disability compensation from October 28, 1987, forward.

On July 26, 1990 it was ultimately ordered that:

"* * * [T]he claimant is awarded Temporary Total Compensation for the period 10/29/87 through 10/27/89.

"The Staff Hearing Officers find that the claimant was unable to perform the duties of his regular occupation for that period as a result of the allowed conditions in this claim. The Staff Hearing Officers further find that the claimant's condition has become permanent in that it is expected to continue for an indefinite period of time without any present indication of recovery therefore [sic]. Therefore, Temporary Total Compensation is ordered terminated effective 10/27/89, the date of the report of Dr. Kackley.

"* * *

"This order is based on the medical report[s] of Dr. Speelman, Dr. Kackley & Dr. Blatnik."

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion on July 26, 1990 by awarding temporary total disability compensation. The court of appeals disagreed and denied the writ.

This cause is now before this court upon an appeal as of right.

Vorys, Sater, Seymour & Pease, Joseph A. Brunetto and Kurt L. Niermeyer, for appellant.

Lee I. Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.

Pfeifer, J. Appellant mounts two challenges to the award of temporary total disability compensation from October 29, 1987 through October 27, 1989, asserting that it is (1) barred by res judicata and (2) unsupported by "some evidence." Both claims are unpersuasive.

As to the former challenge, the October 21, 1987 district

hearing officer's order denied temporary total disability compensation "as of 10-21-87, and thereafter." (Emphasis added.) The emphasized language underlies appellant's claim that res judicata bars all future temporary total disability compensation. Res judicata's application to workers' compensation cases, however, is limited. State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm. (1991), 58 Ohio St. 3d 199, 569 N.E.2d 496; State ex rel. Cramer v. Indus. Comm. (1944), 144 Ohio St. 135, 29 O.O. 176, 57 N.E.2d 233. This court observed in B.O.C.:

"'It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * *. A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.'" Id. at 201, 569 N.E.2d at 498, quoting 3 Larson, Workers' Compensation Law (1989), Section 79.72(f).

The reference to "reopening for change" equates to the commission's continuing jurisdiction under R.C. 4123.52. That statute provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *"

Continuing jurisdiction's applicability to a change in condition was recently discussed in State ex rel. Bing v. Indus. Comm. (1991), 61 Ohio St.3d 424, 575 N.E.2d 177. Rejecting an assertion that a finding of permanency precluded all future temporary total disability compensation, this court wrote:

"In enacting the statute [R.C. 4123.52], the General Assembly recognized that an employee, because of an injury or series of injuries suffered in the course of employment, may find herself, more than once in her lifetime, temporarily unable to work. Under R.C. 4123.52, the commission is vested with continuing jurisdiction to revisit a case and make later awards of temporary total disability compensation where circumstances warrant." Id. at 426, 575 N.E.2d at 179.

We find that the circumstances justify further consideration here. Claimant returned to work on October 27, 1987. He visited the plant physician later that day complaining of pain and spasm - - the result of an apparent flare-up of his condition. Moreover, it was appellant's physician who "relapsed [claimant] to disability" and sent claimant home from work because of his back pain on October 27, 1987. This directive prompted claimant's motion.

Accordingly, we find that the commission's exercise of continuing jurisdiction was not an abuse of discretion.

Turning then to the evidentiary review mandated by State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E.2d 936, this court finds that the commission's decision is supported by "some evidence," namely, Dr. Speelman's report. Contrary to appellant's representation, consideration of the report is not barred by State ex rel.

Zamora v. Indus. Comm. (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, which directs that evidence that the commission has earlier rejected cannot be revived in support of a later decision.

In this case, we agree with the court below that Dr. Speelman's February 12, 1988 report was not implicitly rejected by the regional board, and thus the commission, in affirming the original termination of temporary total disability compensation. Dr. Speelman's report notes claimant's unsuccessful subsequent attempt to return to work, and is not, therefore, inconsistent with the commission's earlier action.

For these reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., and Wright, J., dissent.