THE STATE EX REL. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Navistar Internatl. Transp. Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 267.]

(No. 92–1151—Submitted March 9, 1993—Decided May 19, 1993.)

*Vorys, Sater, Seymour & Pease, Joseph A. Brunetto* and *Kurt L. Niermeyer,* for appellant.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

PFEIFER, J. Appellant mounts two challenges to the award of temporary total disability compensation from October 29, 1987 through October 27, 1989, asserting that it is (1) barred by *res judicata* and (2) unsupported by "some evidence." Both claims are unpersuasive.

As to the former challenge, the October 21, 1987 district hearing officer's order denied temporary total disability compensation "as of 10–21–87, *and thereafter.*" (Emphasis added.) The emphasized language underlies appellant's claim that *res judicata* bars all future temporary total disability compensation. *Res judicata's* application to workers' compensation cases, however, is limited. *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 569 N.E.2d 496; *State ex rel. Cramer v. Indus. Comm.* (1944), 144 Ohio St. 135, 29 O.O. 176, 57 N.E.2d 233. This court observed in *B.O.C.:*

" 'It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * *. A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.' " *Id.,* 58 Ohio St.3d at 201, 569 N.E.2d at 498, quoting 3 Larson, Workers' Compensation Law (1989), Section 79.72(f).

The reference to "reopening for change" equates to the commission's continuing jurisdiction under R.C. 4123.52. That statute provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified.   * * *"

Continuing jurisdiction's applicability to a change in condition was recently discussed in *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177. Rejecting an assertion that a finding of permanency precluded all future temporary total disability compensation, this court wrote:

"In enacting this statute [R.C. 4123.52], the General Assembly recognized that an employee, because of an injury or series of injuries suffered in the course of employment, may find herself, more than once in her lifetime, temporarily unable to work. Under R.C. 4123.52, the commission is vested with continuing jurisdiction to revisit a case and make later awards of temporary total disability compensation where circumstances warrant." *Id.* at 426, 575 N.E.2d at 179.

We find that the circumstances justify further consideration here. Claimant returned to work on October 27, 1987. He visited the plant physician later that day complaining of pain and spasm—the result of an apparent flare-up of his condition. Moreover, it was *appellant's* physician who "relapsed [claimant] to disability" and sent claimant home from work because of his back pain on October 27, 1987. This directive prompted claimant's motion.

Accordingly, we find that the commission's exercise of continuing jurisdiction was not an abuse of discretion.

Turning then to the evidentiary review mandated by *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, this court finds that the commission's decision is supported by "some evidence," namely, Dr. Speelman's report. Contrary to appellant's representation, consideration of the report is not barred by *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, which directs that evidence that the commission has earlier rejected cannot be revived in support of a later decision.

In this case, we agree with the court below that Dr. Speelman's February 12, 1988 report was not implicitly rejected by the regional board, and thus the commission, in affirming the original termination of temporary total disability compensation. Dr. Speelman's report notes claimant's unsuccessful subsequent attempt to return to work, and is not, therefore, inconsistent with the commission's earlier action.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., and Wright, J., dissent.