OPINION
{¶ 1} On July 1, 1992, appellant, Lynnie Birdsong, injured his left knee while in the employ of appellee, McDonald's Corporation. Appellant filed a workers' compensation claim which was allowed for torn tendon, left knee.
 {¶ 2} On June 2, 1999, appellant filed a claim for the additional allowances of injuries to his anterior cruciate ligament and his medial collateral ligament (hereinafter "ACL" and "MCL"). A hearing before a district hearing officer was held on August 4, 1999. Appellant withdrew the claim for his ACL, and the claim for his MCL was allowed. A hearing before a staff hearing officer was held on September 15, 1999. The August 4, 1999 order was upheld.
 {¶ 3} On August 29, 2000, appellant filed a claim for the injury to his ACL. A hearing before a district hearing officer was held on October 30, 2000. Said claim was denied. On December 14, 2000, a hearing before a staff hearing officer was held. The October 30, 2000 order was vacated and the claim was allowed.
 {¶ 4} Appellee filed an appeal with the Court of Common Pleas of Delaware County, Ohio, and filed a motion for summary judgment on December 20, 2002, claiming res judicata. By judgment entry filed February 18, 2003, the trial court granted said motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN SUSTAINING THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF THE DEFENDANT, MCDONALD'S CORPORATION."
 I {¶ 7} Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant claims the trial court erred in finding the claim for his ACL injury was barred by the doctrine of res judicata because of his previously dismissed claim for same in 1999. We agree.
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 11} In Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
 {¶ 12} The Supreme Court of Ohio has cautioned courts concerning the use of res judicata as it pertains to workers' compensation issues, and has discussed the continuing jurisdiction of the commission as to the extent of disability, respectively:
 {¶ 13} "As a consequence the defense of res judicata has only a limited application to compensation cases.***Assuredly an adjudication, awarding compensation for disability, not permanent and total, for a period expiring at a certain time, whether before or after the rendition of the judgment, is not res judicata in a subsequent proceeding brought to obtain an award of compensation for permanent and total disability which existed after the expiration of that period." Cramer v. IndustrialCommission (1944), 144 Ohio St. 135, 138.
 {¶ 14} "B.O.C. urges a similar result here, asserting that the issue of claimant's earlier compensation for temporary total disability was an issue distinct from her current request. Its point is well-taken. As stated in 3 Larson, Workers' Compensation Law (1989) 15-426,272(99) to 15-426,272(100), Section 79.72(f):
 {¶ 15} "`It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * *. A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.'" State, ex rel.B.O.C. Group v. Industrial Commission (1991), 58, Ohio St.3d 199, 201.
 {¶ 16} More recently, the Supreme Court of Ohio has noted if there is a changed condition that was unknown at the first determination, res judicata does not apply. State, ex rel. Hoover Company v. IndustrialCommission (1995), 72 Ohio St.3d 387. Further, "a bare reference to medical conditions, as here, in a physician's correspondence or medical test summary does not constitute a request for recognition of that condition by a claimant. State, ex rel. Morrow v. Industrial Commission
(1994), 71 Ohio St.3d 236, 238.
 {¶ 17} The issue sub judice concerns a hybrid set of facts similar to the Hoover and Morrow cases. We note all of the cases cited are extent of disability cases and do not involve claims for the allowance of an additional condition. However, given the view of the Supreme Court of Ohio on the applicability of res judicata in workers' compensation cases, we find this distinction to be without difference.
 {¶ 18} On June 2, 1999, appellant filed a claim for the additional allowance of two injuries, one to his MCL and the other to his ACL. Appellant withdrew the claim for his ACL and was allowed on the MCL. Approximately one year later, appellant filed a claim for the additional allowance of his ACL.
 {¶ 19} Applying the test enumerated by the Supreme Court of Ohio, there has been no adjudication on the ACL injury. However, under the argument of claims preclusion, does the doctrine of res judicata apply? We answer in the negative for the following reasons.
 {¶ 20} It is obvious the injuries are separate and distinct. It is also clear appellant withdrew his claim for his ACL and at that point in time, his own medical expert, Dr. Robie, had opined the injury was "possible." See, Findings mailed August 7, 1999. It was not until after the withdrawal of his ACL claim and at the September 15, 1999 hearing with the staff hearing officer that appellant became aware that appellee's medical expert, Dr. Kepple, found an ACL condition.[1] See, Findings mailed December 19, 2000. The die was cast for appellant because he had voluntarily withdrawn the claim for his ACL and could not reopen the claim. The only way to "reopen" the claim was to file for a new additional condition.
 {¶ 21} We conclude at the withdrawal of the ACL claim and the subsequent allowance on the MCL claim, the status of the medical testimony was that there was only a "possible" ACL claim. Such a notation of a possibility of a claim, coupled with a withdrawal of that claim, is not a bar to the prosecution of the claim at a later date.
 {¶ 22} Upon review, we find the trial court erred in granting summary judgment to appellee.
 {¶ 23} The sole assignment of error is granted.
 {¶ 24} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
[1] In the order of the district hearing officer allowing the claim for the MCL, Dr. Kepple's opinion is not addressed and appellant's physician, Dr. Robie, is cited as the basis of the MCL injury. See, Findings mailed August 7, 1999.