DECISION
{¶ 1} Relator, Sylvia M. Johnson ("relator"), commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied relator's application for permanent total disability ("PTD") compensation, and ordering the commission to find that relator is entitled to PTD compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that the commission did not abuse its discretion in denying relator's request for PTD compensation and recommended that this court deny the requested writ of mandamus. The magistrate further recommended that we grant a writ of mandamus ordering the commission to refer this matter to the Administrator of the Ohio Bureau of Workers' Compensation ("bureau") pursuant to Ohio Adm. Code 4121-3-34(D)(1)(f). Relator filed objections to the magistrate's decision, and the commission did not file a memorandum opposing the objections. This cause is now before the court for a full evaluation of the merits.
 {¶ 3} As she argued to the magistrate in her merit brief, relator argues that the commission's earlier finding that relator's allowed conditions had reached maximum medical improvement ("MMI") precludes the commission's later finding that some of her allowed conditions are not at MMI. Relying on the cases of State ex rel. Bing v. Indus. Comm. (1991),61 Ohio St.3d 424, 575 N.E.2d 177, and State ex rel. B.O.C. Group,General Motors Corp. v. Indus. Comm. (1991), 58 Ohio St.3d 199,569 N.E.2d 496, the magistrate concluded that res judicata does not bar the commission's finding that relator is no longer at MMI with respect to some of her allowed conditions.
 {¶ 4} Relator argues that the magistrate erred in applyingBing because the present case does not involve any of the five circumstances, as enumerated in State ex rel. Nicholls v. Indus.Comm. (1998), 81 Ohio St.3d 454, 692 N.E.2d 188, in which the commission may exercise continuing jurisdiction. Relator's argument is misplaced.
 {¶ 5} In Nicholls, the Supreme Court of Ohio enumerated the five circumstances that justify the commission's exercise of continuing jurisdiction. Relator agrees that the only circumstance applicable herein is that of "new and changed circumstances." The syllabus of Bing states, "Even where temporary total disability compensation payments have been previously terminated, R.C. 4123.52 grants the Industrial Commission continuing jurisdiction to award temporary total disability compensation where the claimant has again become temporarily totally disabled." In Bing, the claimant sought a writ of mandamus after the commission denied her motion for temporary total disability ("TTD") compensation on res judicata grounds. "The Bing court rejected the commission's argument that the claimant was not entitled to further TTD because she allegedly experienced merely a temporary `flare-up' of her condition rather than any change in the overall severity of her injury." State ex rel. Grogan v. Indus. Comm., 10th Dist. No. 03AP-142, 2004-Ohio-543, ¶ 37.
 {¶ 6} The Bing court did not use the term "new and changed circumstances." However, in State ex rel. Chrysler Corp. v.Indus. Comm. (1998), 81 Ohio St.3d 158, 169, 689 N.E.2d 951, the court made it clear that a new and changed circumstance (such as the need for surgery) could justify the reopening of a TTD award that had previously been terminated on MMI grounds.
 {¶ 7} In B.O.C. Group, the Supreme Court of Ohio held that even where the requisite identity of issues and parties is present, "because of the commission's continuing jurisdiction under R.C. 4123.52, `the defense of res judicata has only a limited application to compensation cases.'" B.O.C. Group,
supra, at 200-201, quoting Cramer v. Indus. Comm. (1944), 144 Ohio St. 135, 138, 29 O.O. 176, 57 N.E.2d 233. (Emphasis sic.) The court also quoted with approval the following passage from 3 Larson, Workers' Compensation Law (1989) 15-426, 272(99) to 15-426, 272(100), Section 79.72(f):
It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * *. A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.
 {¶ 8} Relator acknowledges that Dr. Donovan recommends a surgical evaluation and opines that relator is not MMI with respect to some of her allowed conditions, but argues that there are no new or changed circumstances present here because Dr. Autry had previously opined that relator should be evaluated for surgery. We wish to clarify initially that the two doctors' surgical recommendations were made with respect to two different body parts. Dr. Autry recommended a surgical evaluation with respect to relator's right ankle, specifically, "arthrodesis of the ankle to treat the posttraumatic arthropathy of the ankle[,]"[1] while Dr. Donovan, who merely recommended a general "additional orthopedic evaluation" with respect to the right ankle, explicitly opined that "further arthroscopic or more involved surgery"[2] might offer improvement in the condition of her left knee.
 {¶ 9} A report in which a different doctor (Dr. Autry) opined that relator was MMI at an entirely different point in time does not invalidate the later report of Dr. Donovan, in which he opines that some of the allowed conditions are now not at MMI. In assessing whether new and changed circumstances are present we look to see whether the evidence demonstrates a change incircumstances since the previous determination. Here, the previous commission determination was that relator was MMI as to al of her allowed conditions. This is the earlier "circumstance." Now the commission has been presented with new evidence indicating that she is no longer at MMI with respect to some of her allowed conditions. This is a new and changed circumstance and, as B.O.C. Group teaches, res judicata does not bar consideration of the MMI issue here because it involves the issue of "claimant's physical condition or degree of disability at two entirely different times[.]"
 {¶ 10} Thus, the magistrate correctly concluded that res judicata does not operate to bar the commission's consideration of the MMI issue, and Dr. Donovan's report is some evidence supporting the commission's decision. For these reasons, relator's objections are overruled.
 {¶ 11} Finally, we agree with the magistrate's conclusion that the commission should have referred this matter to the bureau, pursuant to Ohio Adm. Code 4121-3-34(D)(1)(f), for examination of the issue whether relator is eligible for TTD compensation.
 {¶ 12} Having undertaken a review of relator's objections, considered the arguments of the parties, and independently appraised the record, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, but we do grant a writ of mandamus ordering the commission to refer this matter to the Administrator of the bureau pursuant to Ohio Adm. Code 4121-3-34(D)(1)(f).
Objections overruled; writ of mandamus granted.
Bryant, J., concurs separately, Mcgrath, J., concurs.
[1] Stip. Rec. at 41. We also note that relator's claim is not allowed for arthropathy of the right ankle.
[2] Stip. Rec. at 12.