[Cite as *State ex rel. Martin v. Springfield Twp.*, 2014-Ohio-1186.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel.                  :
James M. Martin,

                                     :

        Relator,

                                     :            No. 13AP-305

v.

                                     :        (REGULAR CALENDAR)

Springfield Township and
Industrial Commission of           :
Ohio,

                                     :

        Respondents.

                                     :

D E C I S I O N

Rendered on March 25, 2014

*Law Office of James A. Whittaker, LLC, Laura I. Murphy* and *James A. Whittaker,* for relator.

*Michael DeWine*, Attorney General, and *Naveen v. Ramprasad,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, James M. Martin, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator permanent total disability ("PTD") compensation, and to enter an order granting said compensation.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision including findings of fact and conclusions of law, which is appended hereto.   The magistrate found that the commission abused its discretion and misapplied Ohio Adm.Code 4121-3-34(D)(1)(f) when it denied relator's application for PTD compensation solely because relator had other allowed claims that had not reached maximum medical improvement ("MMI"). Relying upon this court's decision in *State ex rel. Ferrell v. Indus. Comm.*, 10th Dist. No. 04AP-948, 2005-Ohio-3100, the magistrate determined that relator is entitled to have his PTD application (which is based solely on an allowed psychological claim) adjudicated even though relator also has allowed physical conditions that undisputedly have not reached MMI and are the basis of his current receipt of TTD compensation.   Therefore, the magistrate has recommended that we grant a limited writ ordering the commission to vacate its March 5, 2013 order that denies relator's PTD application, and to enter an order consistent with the magistrate's decision that either grants or denies the PTD application.

{¶ 3}   The commission has filed objections to the magistrate's decision arguing that the magistrate erred in concluding that the commission acted contrary to law.   We disagree.

{¶ 4}   The commission argues that, as a matter of law, a claimant is not entitled to PTD on any allowed condition if there are other allowed conditions that have not reached MMI.   The commission principally relies upon *State ex rel. Johnson v. Indus. Comm.*, 10th Dist. No. 05AP-1187, 2006-Ohio-5091, to support its argument.   However, we find *Johnson* unpersuasive because it did not address the issue presented in the case at bar.

{¶ 5}   Although *Johnson* involved facts similar to those presented here, the issue raised by the relator involved the application of res judicata and/or the commission's

exercise of continuing jurisdiction when the commission previously terminated TTD based on a finding that the allowed claims had reached MMI and then, based on additional medical evidence, later found some of the allowed claims had not reached MMI in adjudicating a subsequent application for PTD. *Johnson* simply did not address the legal issue presented here.

{¶ 6} We also find unpersuasive the commission's attempt to distinguish *Ferrell*. In *Ferrell*, this court held that a claimant is entitled to have a PTD application based upon an allowed physical claim adjudicated on its merits even though the claimant has an allowed psychological claim that is not at MMI. The commission correctly points out that, in *Ferrell*, the claimant filed for PTD based only the allowed physical conditions, all of which had reached MMI, and did not include in his application the allowed psychological claim, which had not reached MMI. However, those facts played no role in the court's legal analysis. Instead, the *Ferrell* court flatly rejected the assertion that Ohio Adm.Code 4121-3-34(D)(1)(f) requires the denial of PTD if any allowed condition has not reached MMI. To the contrary, the *Ferrell* court held that a claimant who has multiple allowed conditions is not required to show that each condition, standing alone, is work prohibitive. Therefore, the claimant in *Ferrell* could not be denied PTD based upon his allowed physical claim solely because his psychological claim had not reached MMI.

{¶ 7} Based upon the holding in *Ferrell*, we agree with the magistrate's legal analysis. Therefore, we overrule the commission's objections.

{¶ 8} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant a limited writ

and order the commission to vacate its March 5, 2013 order that denies relator's PTD application, and to enter an order consistent with this decision that either grants or denies relator's PTD application.

*Objections overruled; limited writ of mandamus granted.*

CONNOR and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>James M. Martin, | : | |
| | : | |
| Relator, | | |
| | : | No. 13AP-305 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Springfield Township and<br>Industrial Commission of<br>Ohio, | : | |
| | : | |
| Respondents. | : | |
| | : | |

### MAGISTRATE'S DECISION

**Rendered on December 20, 2013**

*Law Office of James A. Whittaker, LLC, Laura I. Murphy* and *James A. Whittaker,* for relator.

*Michael DeWine*, Attorney General, and *Naveen v. Ramprasad,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 9} In this original action, relator, James M. Martin, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the March 5, 2013 order of its staff hearing officer ("SHO") that denied him permanent total disability ("PTD") compensation for his allowed post-traumatic stress disorder ("PTSD") on grounds that allowed physical conditions of another industrial claim have not reached maximum medical improvement ("MMI"), and to enter an order granting PTD compensation based upon the PTSD.

<u>Findings of Fact</u>:

{¶ 10} 1.  This is the second mandamus action relator has filed in regard to his PTD application, filed April 20, 2010.  In the first action, this court issued a writ that resulted in the SHO's order at issue here.

{¶ 11} 2.  Relator has two industrial claims arising out of his employment as a police officer with respondent Springfield Township, a state-fund employer.

{¶ 12} 3. Claim No. 97-319655 arises from an injury that occurred January 20, 1997.  The claim is allowed for several injuries to the right knee, right leg, and right hip. The claim is also allowed for a psychiatric condition described as "prolong post traumatic stress."

{¶ 13} 4.  Claim No. 97-489866 arises from an injury that occurred August 5, 1997. This claim is allowed for several injuries to the right and left knees and to the lumbar area. There are no psychiatric conditions allowed in this claim.

{¶ 14} 5. On April 19, 2010, at relator's request, treating psychologist William C. Melchior, Ed.D., opined in a two-page report:

> [G]iven the extent and ongoing nature of Mr. Martin's PSTD [sic], it is this psychologist's opinion that Mr. Martin is determined to be permanently and totally disabled from work.

{¶ 15} 6. On April 21, 2010, at relator's request, treating chiropractor Dan Buchanan, D.C., opined:

> Based on Mr. Martin's history, his subjective complaints, his physical exam findings, and his current level of function, and based solely on the allowed diagnoses in his claim; I am of the opinion with a reasonable degree of medical certainty that Mr. Martin is permanently and totally disable [sic] from any forms of sustained remunerative employment.

{¶ 16} 7. Earlier, on April 20, 2010, relator filed an application for PTD compensation.  In support, relator submitted the Melchior and Buchanan reports.

{¶ 17} 8. On May 25, 2010, at the commission's request, relator was examined by Donald J. Tosi, Ph.D.  In his eight-page narrative report, Dr. Tosi concluded:

> Specific to PTSD, the Injured Worker is able to return to his former position of employment without limitations.

{¶ 18} 9. Earlier in his report, Dr. Tosi opined:

> He would function best under normal to moderate stress conditions with work tasks that are simple to moderate in complexity.
>
> * * *
>
> The Injured Worker is able to sustain focus and attention long enough to permit completion of tasks in a low to moderate stress work environment.

{¶ 19} 10. On May 29, 2010, Dr. Tosi completed a form captioned "Occupational Activity Assessment[,] Mental & Behavioral Examination."   On the form, Dr. Tosi indicated by his mark:  "This Injured Worker has no work limitations."

{¶ 20} 11.  On May 26, 2010, at the commission's request, relator was examined by Ron M. Koppenhoefer, M.D.   In his seven-page narrative report, Dr. Koppenhoefer opined:

> The combined values chart would indicate that he has a total of a 36% impairment to the body as a whole.
>
> Based on my examination and review of the medical records, it is my medical opinion that Mr. Martin is limited to sedentary work activities at this time based on the allowed conditions in these claims.

{¶ 21} 12.  On May 26, 2010, Dr. Koppenhoefer completed a Physical Strength Rating form.  On the form, Dr. Koppenhoefer indicated by his mark that relator is capable of sedentary work.

{¶ 22} 13.  Following an October 5, 2010 hearing, an SHO issued an order denying the PTD application.  In his order, the SHO relied upon reports from Drs. Koppenhoefer and Tosi in determining residual functional capacity.  In that regard, the SHO concluded:

> The Staff Hearing Officer finds that the capabilities listed by Dr. Koppenhoefer and Dr. Tosi are the capabilities the Injured Worker has as a result of the recognized orthopedic and psychological conditions in the claim.

Then the SHO addressed the non-medical factors.  The SHO concluded that relator is able to engage in sustained remunerative employment.

{¶ 23} 14. On March 15, 2011, relator filed in this court a mandamus action that was assigned case No. 11AP-252. The action was assigned to a court magistrate who issued his Magistrate's Decision on December 28, 2011. In his decision, the magistrate found that the report of Dr. Tosi is so internally inconsistent that it must be eliminated from evidentiary consideration.

{¶ 24} 15. On June 29, 2012, this court issued its Decision and Judgment Entry. In its decision, this court adopted the magistrate's decision, including the findings of fact and conclusions of law. This court granted a writ of mandamus ordering the commission to vacate the October 5, 2010 order of its SHO and, in a manner consistent with the magistrate's decision, enter a new order that adjudicates the PTD application. *State ex rel. Martin v. Indus. Comm.,* 10th Dist. No. 11AP-252, 2012-Ohio-2984.

{¶ 25} 16. On August 30, 2012, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order awarding temporary total disability ("TTD") compensation starting June 20, 2012 in industrial claim No. 97-489866. The bureau's decision was based on:

> The physician file review completed by Dr. Stewart on 8/18/12, the C84 submitted by the injured worker and the Medco14s submitted by Dr. Paley.

{¶ 26} 17. Apparently, the bureau's August 30, 2012 order was not administratively appealed.

{¶ 27} 18. On September 11, 2012, relator underwent left knee surgery performed by Jonathan Paley, M.D. The surgical procedure is described in an operative report from Dr. Paley:

> [One] Videoarthroscopy of the left knee with chondroplasty, medial femoral condyle
> [Two] Debridement of residuals of medial meniscus tear
> [Three] Debridement of lateral meniscus tear

{¶ 28} 19. On October 6, 2012, an SHO mailed an order acknowledging this court's writ of mandamus in case No. 11AP-252. The SHO's order instructs:

> Therefore, in accordance with the Writ, it is ordered that the Staff Hearing Officer order dated 10/05/2010, findings mailed 10/07/2010, which denied the claimant's IC-2 Application for Permanent Total Disability Compensation filed on 04/20/2010, be vacated.

It is ordered that the claim be referred to the Medical Services Department of the Industrial Commission to arrange a new examination of the Injured Worker on the allowed psychological conditions in the claim. The examining psychologist shall conduct an examination of the claimant and shall issue a report concerning the issue of whether claimant is permanently and totally disabled as a result of the allowed psychological conditions in this claim. It is ordered that after the psychological examination and the issuance of the report, the claim shall be referred to the Hearing Administrator to schedule a hearing de novo before a Staff Hearing Officer to determine the merits of the Application of Permanent Total Disability Compensation filed on 04/20/2010.

In the de novo hearing, the Staff Hearing Officer shall adjudicate the Application for Permanent Total Disability Compensation filed on 04/20/2010, after considering the new psychological report concerning the issue of whether claimant is Permanently and Totally Disabled as a result of the allowed psychological conditions in the claim, and all other evidence related to the IC-2 Application filed on 04/20/2010. In addition, it is ordered that the psychological report of Dr. Donald Tosi, dated 06/02/2010, shall not be considered in adjudicating the claimant's IC-2 Application for Permanent Total Disability Compensation filed on 04/20/2012.

The Staff Hearing Officer shall issue an order which either grants or denies the Application for Permanent Total Disability Compensation filed on 04/20/2010, cite the evidence which is the basis for the decision and, provide an explanation for the decision in accordance with State ex rel. Mitchell v. Robins & Myers, Inc. (1984), 6 Ohio St.3d 481 and State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.

{¶ 29} 20. On November 2, 2012, at the commission's request, relator was examined by clinical psychologist Norman L. Berg, Ph.D. In his eight-page narrative report, Dr. Berg opined:

These are my responses in regard to the specific questions posed by the Industrial Commission. In my opinion, the injured worker has reached maximum medical improvement (MMI) in regard to allowed condition of "Prolonged Post-Traumatic Stress." This is based on the fact that claimant

suffered his industrial injury approximately 15 years ago, he continues to exhibit classic symptoms of condition of PTSD, and he continues to exhibit such symptoms even though he has been involved in mental health treatment (counseling and medication) for several years. Based on the AMA Guides, 2nd and 5th Editions, and with reference to the Industrial Commission Medical Examination Manual I rate this claimant as having 65% permanent impairment based on allowed condition of "Prolonged Post Traumatic Stress." Ongoing mental health treatment (counseling and medication) appears necessary for maintenance purposes.

In regard to activities of daily living, claimant is rated as having Class 2, mild impairment, in that symptoms of PTSD at times reduce his motivation to engage in these routine activities. He does attend to his personal hygiene needs but does so with pain. The pain then reminds him of the situation in which caused his injuries and the related condition of PTSD.

In regard to social functioning, claimant is rated as having Class 4, marked impairment, in that symptoms of PTSD result in his either withdrawing from social situations or becoming hyper vigilant, angry, and having a tendency to become confrontational.

In regard to concentration, persistence, and pace for task completion, claimant is rated as having Class 4, marked impairment. Claimant's symptoms of PTSD including intrusive thoughts of the event which cause these symptoms result in claimant at times having difficulty with concentration and in being persistent.

In regard to claimant's adaption to the work place, claimant is rated as having Class 4, marked impairment. Claimant prefers not to be around others, he does not trust others, and he either withdraws or becomes angry, hyper vigilant, suspicious, and has feelings of becoming confrontational.

{¶ 30} 21. On November 2, 2012, Dr. Berg completed a form captioned "Occupational Activity Assessment[,] Mental & Behavioral Examination." On the form, Dr. Berg indicated by his mark: "This Injured Worker is incapable of work."

{¶ 31} 22. On November 29, 2012, an SHO mailed a tentative order awarding PTD compensation starting April 19, 2010. The tentative order explains:

It is the finding of the Staff Hearing Officer that the Injured Worker's condition has become permanent and that he is unable to return to his former position of a police officer as a result of the allowed conditions in claim 97-319655.

Dr. Melchior, Injured Worker's Psychologist, opined in a report dated 04/19/2010 that the Injured Worker is permanently and totally disabled from work due to the allowed condition of Prolonged Post Traumatic Stress Disorder. The Staff Hearing Officer notes that this condition is allowed in claim 97-319655. Dr. Melchior opined that the Injured Worker is unable to engage in sustained remunerative employment based upon this condition of Prolonged Post Traumatic Stress Disorder.

Dr. Norman Berg, Clinical Psychologist, examined the Injured Worker at the request of the Industrial Commission on 11/02/2012. Dr. Berg opined that the Injured Worker is incapable of work based on the allowed condition of Prolonged Post Traumatic Stress Disorder. Dr. Berg opined that the Injured Worker has the below - listed limitations based on the impairments arising from the allowed condition of "Prolonged Post Traumatic Stress Disorder": the Injured Worker would have moderate limitations in his ability to understand, remember and follow direction. The Injured Worker would have marked limitations in his ability to maintain attention, concentration and pace in a work setting. The Injured Worker would have marked limitations in his ability to relate to others in a work setting. Dr. Berg opined that in this area his limitations would be marked to extreme. Dr. Berg further opined that the Injured Worker would have marked limitations in his ability to cope with routine job stress. Dr. Berg opined that the Injured Worker is permanently and totally disabled based upon the allowed condition of Prolonged Post Traumatic Stress Disorder allowed in claim number 97-319655.

The Staff Hearing Officer finds based upon the medical evidence alone of Dr. Melchior and Dr. Berg that the Injured Worker is unable to engage in sustained remunerative employment and is permanently and totally disabled.

The Staff Hearing Officer finds that the Injured Worker's Application for Permanent and Total Disability Compensation filed 04/20/2010 is granted.

> The Staff Hearing Officer finds that the appropriate start date of Permanent and Total Disability Compensation is 04/19/2010, the date of the medical report of Dr. Melchior.
>
> The Staff Hearing Officer finds that 100% of the award of Permanent and Total Disability Compensation is to be made in claim 97-319655.
>
> The Staff Hearing Officer finds that 0% of the award of Permanent and Total Disability Compensation is made in claim 97-489866.
>
> This order is based on the medical report of Dr. Melchior dated 04/19/2010 and the medical report of Dr. Berg dated 11/02/2012.

{¶ 32} 23. On December 3, 2012, on a Medco-14, Dr. Paley certified TTD beginning December 8, 2012 to February 18, 2013.

{¶ 33} 24. On December 4, 2012, the bureau timely objected to the November 29, 2012 tentative order.

{¶ 34} 25. On February 13, 2013, relator underwent a "[r]evision right total knee" performed by Dr. Paley.

{¶ 35} 26. On March 20, 2013, on a Medco-14, Dr. Paley certified TTD beginning February 18, 2013. On March 28, 2013, Dr. Paley extended the disability period to June 7, 2013.

{¶ 36} 27. Earlier, on March 5, 2013, an SHO heard the PTD application filed April 20, 2010. Thereafter, on March 12, 2013, the SHO mailed an order denying the PTD application. The SHO's order explains:

> The Hearing Officer specifically finds that permanent and total disability compensation is to be denied as some of the allowed medical conditions are still temporary and have not reached maximum medical improvement. In coming to this conclusion, the Hearing Officer relies on Ohio Admin. Code 4121-3-34(D) (1) (f) which states "If, after hearing, the adjudicator finds that the Injured Worker's allowed medical condition(s) is temporary and has not reached maximum medical improvement, the Injured Worker [sic] shall be found not to be permanently and totally disabled because the conditions [sic] remains temporary."

In the present claim, the Hearing Officer finds that the Injured Worker is currently receiving temporary total disability compensation in claim number 97-489866. The Hearing Officer finds that the Injured Worker is currently receiving temporary total disability compensation as of 06/20/2012 per Bureau of Workers' Compensation order dated 08/30/2012. The Hearing Officer notes that the Injured Worker underwent surgery on 09/11/2012 for treatment of the allowed conditions in claim 97-489866 including the conditions of tear anterior cruciate ligament left knee, tear medial meniscus and bicompartmental degenerative arthritis left knee. The Hearing Officer further finds that the Injured Worker underwent a total revision of the right knee on 02/13/2013 for treatment of the allowed right knee conditions in claim 97-489866. The Injured Worker has been certified to be temporarily and totally disabled per Dr. Paley through 02/18/2013 per MEDCO-14 completed by Dr. Paley dated 12/03/2012.

The Hearing Officer finds that as the allowed conditions in claim 97-489866 are still temporary and have not reached maximum medical improvement, the Hearing Officer denies the Injured Worker's application for permanent and total disability compensation filed 04/20/2010.

Further, the Hearing Officer vacates the Industrial Commission tentative order issued 11/29/2012.

The Hearing Officer relies on the Bureau of Workers' Compensation order dated 08/30/2012, the MEDCO-14 completed by Dr. Paley dated 12/03/2012, the surgery report completed by Dr. Paley dated 02/13/2013 and the surgery report completed by Dr. Paley dated 09/11/2012.

{¶ 37} 28. On April 5, 2013, the three-member commission, on a two-to-one vote, denied relator's request for reconsideration.

{¶ 38} 29. On April 10, 2013, relator, James M. Martin, filed this mandamus action.

Conclusions of Law:

{¶ 39} The issue is whether the commission, through its SHO's order of March 5, 2013, misapplied Ohio Adm.Code 4121-3-34(D)(1)(f) when it denied the PTD application on grounds that some of the allowed conditions in claim No. 97-489866 have not reached MMI and relator is currently receiving TTD compensation for a disability associated with

those allowed conditions.  That is, the commission refused to determine whether relator is PTD based solely upon his allowed PTSD.

{¶ 40} Finding that the commission misapplied Ohio Adm.Code 4121-3-34(D)(1)(f) in denying the PTD application and refusing to determine whether relator is PTD based solely upon his allowed PTSD, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.

{¶ 41} Ohio Adm.Code 4121-3-34 sets forth the commission's rules applicable to the adjudication of PTD applications.

{¶ 42} Ohio Adm.Code 4121-3-34(D) sets forth the commission's guidelines for adjudication of PTD applications.
Ohio Adm.Code 4121-3-34(D)(1)(f) provides:

> If, after hearing, the adjudicator finds that the injured worker's allowed medical condition(s) is temporary and has not reached maximum medical improvement, the injured worker shall be found not to be permanently and totally disabled because the condition remains temporary.

{¶ 43} Pertinent to the analysis here is the rationale explained in *State ex rel. Galion Mfg. Div. Dresser Industries, Inc. v. Haygood*, 60 Ohio St.3d 38, 40 (1991), wherein the court states:

> Contrary to Dresser's suggestion, a claimant who has multiple allowed conditions is not required to show that each condition, standing alone, is work-prohibitive.

{¶ 44} In *Galion*, the commission awarded the claimant PTD compensation based upon the reports of Drs. Retter and Lyons.  Dr. Retter found that the claimant was permanently and totally disabled due to the physical conditions of the claim.  Dr. Lyons, a psychologist, concluded that the claimant could not engage in sustained remunerative employment, but stated that "[p]rognosis for improvement through treatment is encouraging."  In mandamus, the employer challenged the report of Dr. Lyons, but did not challenge the reports of Dr. Retter.  The writ was denied on grounds that Dr. Retter's reports were some evidence supporting the PTD compensation.

{¶ 45} In *State ex rel. Ferrell v. Indus. Comm.*, 10th Dist. No. 04AP-948, 2005-Ohio-3100, this court had occasion to limit the scope of Ohio Adm.Code 4121-3-34(D)(1)(f) based upon the *Galion* rationale.

{¶ 46} Thomas A. Ferrell was injured while employed as a truck driver. His industrial claim was allowed for various physical injuries. His claim was also allowed for "depressive disorder nec; generalized anxiety disorder." *Id.* at ¶ 10.

{¶ 47} In August 2003, the commission determined that all of Ferrell's allowed physical conditions had reached MMI, but TTD was ordered to continue based upon the allowed psychological conditions.

{¶ 48} In October 2003, Ferrell applied for PTD compensation. In support, he submitted reports from his treating chiropractor, Gregory Richards. In two reports, Dr. Richards opined that the allowed physical conditions produced "total and permanent disablement." *Id.* at ¶ 17.

{¶ 49} In February 2004, at the commission's request, Ferrell was examined by James Rutherford, M.D. Dr. Rutherford opined that Ferrell "is not capable of physical work activity." *Id.* at ¶ 18.

{¶ 50} Also in February 2004, at the commission's request, Ferrell was examined by psychologist Earl F. Greer, Jr., Ed.D. Dr. Greer opined that the allowed psychological/psychiatric conditions had not reached MMI.

{¶ 51} In April 2004, a commission SHO mailed a tentative order finding that Ferrell was PTD based upon the reports of Drs. Richards and Rutherford.

{¶ 52} Following the employer's objection to the tentative order, the SHO heard the matter in July 2004. The SHO vacated the tentative order and denied the PTD application. The SHO relied upon Dr. Greer's report, Ferrell's continued receipt of TTD compensation, and Ohio Adm.Code 4121-3-34(D)(1)(f).

{¶ 53} Ferrell then filed in this court a mandamus action challenging the commission's denial of his PTD compensation even though he was receiving TTD compensation from his allowed psychological/psychiatric conditions.

{¶ 54} This court granted a limited writ ordering the commission to vacate its order denying the PTD application and to issue a new order that redetermines the PTD application consistent with this court's decision.

{¶ 55} In granting the writ, this court relied upon the *Galion* rationale to narrow the commission's interpretation of Ohio Adm.Code 4121-3-34(D)(1)(f).

{¶ 56} This court's decision in *Ferrell* compels the issuance of a limited writ in this action. While relator has allowed physical conditions that undisputedly have not reached MMI and are the basis of his current receipt of TTD compensation, the recent report of Dr. Berg, if found persuasive, would support an award of PTD based solely upon the allowed PTSD.

{¶ 57} Here, the commission has, in effect, refused to adjudicate relator's claim that his PTSD alone produces PTD. The commission's refusal to adjudicate the PTD claim here that is based upon the allowed psychological condition is similar to the commission's refusal to adjudicate the PTD claim in *Ferrell* that was based upon allowed physical conditions. In both cases, the commission has improperly used allowed conditions that have not reached MMI as a basis for denial of PTD compensation premised upon one or more allowed conditions that are at MMI.

{¶ 58} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate the March 5, 2013 order of its SHO that denies relator's PTD application, and to enter an order consistent with this magistrate's decision that either grants or denies the application.

/S/ MAGISTRATE
KENNETH W. MACKE

NOTICE TO THE PARTIES
Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).